MORGAN, LEWIS & BOCKIUS LLP
Andrew P. Frederick, SBN 284832
andrew.frederick@morganlewis.com
Nicole L. Antonopoulos, SBN 306882
nicole.antonopoulos@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Defendant
JETBLUE AIRWAYS CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TIMOTHY GRIFFIN and DAMIR BARIC, individuals and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JETBLUE AIRWAYS CORPORATION, a Delaware corporation; MARIE GILEM, an individual and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. _____<br><br>[San Francisco County Superior Court Case No. CPF-25-518864]<br><br>**DEFENDANT JETBLUE AIRWAYS CORPORATION'S NOTICE OF REMOVAL OF CASE TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446, 1453]** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

1

**TABLE OF CONTENTS**

2

**Page**

3  I.   SUMMARY OF COMPLAINT ....................................................................... 1

4  II.  THE REMOVAL IS TIMELY ........................................................................ 2

5  III. DIVERSITY JURISDICTION EXISTS UNDER CAFA ............................. 2

6       A.   The Court Has Original Subject Matter Jurisdiction Under

7            CAFA. ................................................................................................. 2

8            1.   Diversity of Citizenship Exists. .............................................. 3

9                 a.    Plaintiff Is a Citizen of California. ................................ 4

10                b.    JetBlue Is a Citizen of New York and Delaware. ............ 4

11           2.   There Are More Than 100 Putative Class Members. ................. 5

12           3.   The Amount-in-Controversy Requirement Is Satisfied ............. 6

13                a.    Plaintiffs' Minimum Wages Claim Places at Least

14                      $411,250 in Controversy. ................................................. 8

15                b.    Plaintiffs' Meal Break Claim Places at Least

                        $1,417,500 in Controversy. ............................................ 8

16                c.    Plaintiffs' Rest Break Claim Places at Least

17                      $1,586,250 in Controversy. ........................................... 10

18                d.    Plaintiffs' Wage Statement Claim Places at Least

19                      $1,489,000 in Controversy. ........................................... 11

20                e.    Plaintiffs' Failure to Timely Pay Wages Claim

                        Places at Least $1,621,700 in Controversy. ................... 12

21                f.    Plaintiffs' Waiting Time Penalties Claim Places

22                      Approximately $1,571,868 in Controversy. ................... 13

23                g.    The Amount in Controversy for Plaintiffs' Claims

                        Exceeds $5,000,000. ....................................................... 14

24 IV.  THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN

25      SATISFIED ............................................................................................... 15

26 V.   CONCLUSION .......................................................................................... 16

27

28

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

4

**Cases**

5

*Armstrong v. Church of Scientology Int'l,*
  243 F.3d 546 (9th Cir. 2000) .................................................................................. 4

6

7

*Boon v. Allstate Ins. Co.,*
  229 F. Supp. 2d 1016 (C.D. Cal. 2002) .................................................................. 4

8

9

*Brinker v. Superior Court,*
  53 Cal. 4th 1004 (2012) ..................................................................................... 9, 10

10

11

*Campbell v. Vitran Exp., Inc.,*
  471 F. App'x 646 (9th Cir. 2012) ........................................................................... 6

12

13

*Chavez v. JPMorgan Chase & Co.,*
  888 F.3d 413 (9th Cir. 2018) ................................................................................ 15

14

15

*Dart Cherokee Basin Operating Co., LLC v. Owens,*
  135 S.Ct. 547 (2014) .............................................................................................. 6

16

17

*Fritsch v. Swift Transportation Co. of Arizona, LLC,*
  899 F.3d 785 (9th Cir. 2018) ................................................................................ 14

18

*Hertz Corp. v. Friend,*
  559 U.S. 77 (2010) ................................................................................................. 4

19

20

*Kanter v. Warner-Lambert Co.,*
  265 F.3d 853 (9th Cir. 2001) .................................................................................. 4

21

22

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,*
  199 F. Supp. 2d 993 (C.D. Cal. 2002) .................................................................... 6

23

24

*Lew v. Moss,*
  797 F.2d 747 (9th Cir. 1986) .................................................................................. 4

25

26

*Lewis v. Verizon Communications Inc.,*
  2010 WL 4645465 (9th Cir. 2010) ......................................................................... 7

27

28

*Martinez v. Morgan Stanley & Co. Inc.,*
  2010 WL 3123175 (S.D. Cal. August 9, 2010) ................................................... 11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

i

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

*Newcombe v. Adolf Coors Co.*,
    157 F.3d 686 (9th Cir. 1998) .................................................................................. 5

*In re Quintus Sec. Litig.*,
    148 F. Supp. 2d 967 (N.D. Cal. 2001) ................................................................. 14

*Rhoades v. Progressive Casualty Ins., Co.*,
    410 F. App'x 10 (9th Cir. 2010) ............................................................................ 7

*State Farm Mut. Auto. Ins. Co. v. Dyer*,
    19 F.3d 514 (10th Cir. 1994) ................................................................................. 4

*United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. &*
    *Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*,
    602 F.3d 1087 (9th Cir. 2010) ............................................................................... 3

*Washington v. Hovensa LLC*,
    652 F.3d 340 (3rd Cir. 2011) ................................................................................. 4

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

1  **TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**
2  **DISTRICT OF CALIFORNIA, AND TO PLAINTIFFS AND THEIR**
3  **ATTORNEYS OF RECORD:**

4      **PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441,
5  1446, and 1453, Defendant JetBlue Airways Corporation ("Defendant" or
6  "JetBlue") hereby removes the above-entitled action from the Superior Court of the
7  State of California, County of San Francisco, to the United States District Court for
8  the Northern District of California.  This Court has original subject matter
9  jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C.
10  §§ 1332(d) and 1453, because minimum diversity exists and the amount in
11  controversy exceeds $5,000,000, exclusive of interest and costs.

12      In support of this removal, JetBlue states as follows:

13  **I.     SUMMARY OF COMPLAINT**

14      1.     On January 21, 2025, Plaintiff Timothy Griffin and Damir Baric
15  ("Plaintiffs") filed an unverified class action complaint in the Superior Court of the
16  State of California, in and for the County of San Francisco, entitled *Timothy Griffin*
17  *and Damir Baric v. JetBlue Airways Corporation et al.*, Case No. CPF-25-518864
18  ("Complaint").  The Complaint alleges various causes of action on behalf of
19  Plaintiffs and a putative class under California law, including alleged failure to pay
20  overtime wages; failure to pay minimum wages; failure to provide meal periods;
21  failure to provide rest periods; waiting time penalties; wage statement penalties; and
22  unfair business competition.

23      2.     Plaintiffs' action was therefore commenced after the effective date of
24  the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 (enacted Feb.
25  18, 2005), codified at 28 U.S.C. §§ 1332(d), 1453 and 1711-1715.

26      3.     On January 24, 2025, Plaintiffs' counsel caused the Summons and
27  Complaint to be served on JetBlue's agent for service of process by personal
28  service.  A true and correct copy of Plaintiff's Complaint is attached as **Exhibit 1**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

1  and is incorporated by reference.  A true and correct copy of the Summons Plaintiff

2  served on JetBlue is attached as **Exhibit 2** and is incorporated by reference.

3      4.      After serving the Summons and Complaint, Plaintiffs' counsel also

4  caused to be served the Civil Case Cover Sheet on JetBlue's process server.  A true

5  and correct copy of the Civil Case Cover Sheet served on JetBlue is attached as

6  **Exhibit 3** and is incorporated by reference.

7      5.      On February 19, 2025, JetBlue caused its Answer to the Complaint to

8  be filed with the San Francisco County Superior Court and served on Plaintiff's

9  counsel.  A true and correct copy of JetBlue's Answer is attached as **Exhibit 4** and

10 is incorporated by reference.

11     6.      Exhibits 1 through 4 constitute all the pleadings, process and orders

12 served upon or by JetBlue, or filed, in the Superior Court action.

13 **II.    THE REMOVAL IS TIMELY**

14     7.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)

15 because it is being filed within thirty (30) days of the service of the Complaint upon

16 JetBlue.  Plaintiff served JetBlue with the Summons and Complaint on January 21,

17 2025.  Thirty (30) days from January 24, 2025, is February 23, 2025 – a Sunday.

18 Since the removal deadline falls on a Sunday, JetBlue had until the following court

19 day, *i.e.*, February 24, 2025 to file its Removal.  *See* Fed. R. Civ. P. 6(a)(1)(C)

20 (providing that if the last day for an act falls on a Saturday, Sunday, or legal

21 holiday, "the period continues to run until the end of the next day that is not a

22 Saturday, Sunday, or legal holiday").  Because this Removal is filed on or by

23 February 24, 2025 it is timely.

24     8.      No previous Notice of Removal has been filed or made with this Court

25 for the relief sought.

26 **III.   DIVERSITY JURISDICTION EXISTS UNDER CAFA**

27     **A.    The Court Has Original Subject Matter Jurisdiction Under CAFA.**

28     9.      This lawsuit is one over which this Court has original jurisdiction

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

1    under 28 U.S.C. § 1453 because it is a civil action within the meaning of the Acts

2    of Congress relating to removal of class actions.  *See* 28 U.S.C. § 1453.

3        10.    This action is brought by a putative representative person on behalf of

4    a proposed class of individuals identified as "all current and former non-exempt

5    employees of Defendants within the State of California at any time commencing

6    four (4) years preceding the filing of Plaintiffs' complaint up until the time that

7    notice of the class action is provided to the class (collectively referred to as 'Class

8    Members')."  Compl., ¶ 24.

9        11.    As such, this matter is a purported class action as that term is defined

10   in the CAFA, 28 U.S.C. § 1332(d)(1)(B), and 28 U.S.C. § 1453.

11       12.    This Court has original subject matter jurisdiction based on diversity

12   of citizenship under CAFA because this matter was brought as a class action,

13   diversity of citizenship exists between one or more members of the purported class

14   and JetBlue, the number of proposed class members is 100 or greater, and the

15   amount placed in controversy by Plaintiff's Complaint exceeds, in the aggregate,

16   $5,000,000, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), 1453.[1]

17   Removal is therefore proper pursuant to 28 U.S.C. §§ 1441, 1446 and 1453.

18                    **1.    Diversity of Citizenship Exists.**

19       13.    In order to satisfy CAFA's diversity requirement, a party seeking

20   removal need only show that minimal diversity exists, such that one putative class

21   member is a citizen of a state different from that of one defendant.  28 U.S.C. §

22   1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. &*

23   *Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91

24   (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded

25   original diversity jurisdiction for class actions meeting the minimal diversity

26   requirement set forth in 28 U.S.C. § 1332(d)(2)).

---

[1] JetBlue does not concede and reserves the right to contest at the appropriate time, Plaintiffs' allegations that this action can properly proceed as a class action and/or representative action.  JetBlue further does not concede that any of Plaintiffs' allegations constitute a cause of action under applicable California law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

a.    **Plaintiff Is a Citizen of California.**

14.    "An individual is a citizen of the state in which he is domiciled . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

15.    Continuing residence creates a presumption of domicile.  *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

16.    Plaintiffs allege that they are residents of the State of California. Compl., ¶¶ 2-3.  Plaintiffs do not allege that they were citizens of any state other than California and there is no indication that Plaintiffs are or were citizens of states other than California at any time relevant to the Complaint.  Thus, Plaintiffs were domiciled in the State of California and are therefore a citizen of California for purposes of diversity jurisdiction in this matter.

b.    **JetBlue Is a Citizen of New York and Delaware.**

17.    For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  JetBlue is, and at all pertinent times was, a corporation organized and existing under and by virtue of the laws of the State of Delaware.

18.    Further, currently and prior to and since the commencement of this action, JetBlue has had its corporate headquarters and principal place of business in Long Island City, New York.  *See generally Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

the corporation's activities" and, "in practice[,] it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'"). The majority of JetBlue's executive functions take place, and the greater part of JetBlue's administrative functions (including payroll, legal, and human resources) are conducted at its headquarters, in Long Island City, New York.  Accordingly, JetBlue is a citizen of Delaware and New York for the purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

19.    JetBlue is not and, since the commencement of this action, has not been, incorporated in California and has not had its headquarters or executive offices based in California.

20.    Based on the Complaint, therefore, at least one member of the putative class is a citizen of a state different from that of JetBlue, as the named Plaintiffs are citizens of California, while JetBlue is a citizen of Delaware and New York.  *See* 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any defendant"). Thus, minimal diversity exists.

21.    Although Plaintiff has listed 100 fictitiously-named "Doe" defendants, the citizenship of these "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1) (for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded"); *Newcombe v. Adolf Coors Co*., 157 F.3d 686, 690-91 (9th Cir. 1998) (same).

## 2.    There Are More Than 100 Putative Class Members.

22.    CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. §1332(d)(5)) is satisfied here because the putative class has more than 100 members.  During the putative class period, JetBlue has employed over 100 individuals as non-exempt, hourly airport employees in California.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

### 3. The Amount-in-Controversy Requirement Is Satisfied.

23.     Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6).  A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'"  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014).

24.     The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart*, 135 S.Ct. at 554.  "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met."  *Id.,* quoting H.R.Rep. No. 112–10, p. 16 (2011).

25.     Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the applicability of CAFA should be resolved in favor of federal jurisdiction.  Sen.Rep. No. 109-14, p. 42 (2005) ("If a federal court is uncertain about whether 'all matters in controversy' in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case.").

26.     In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).  In *Vitran,* the court held that it was proper for a defendant in a putative wage and hour class action to establish the amount in controversy requirement for purposes of CAFA by assuming a minimum number of meal and rest period violations per class member per pay period.  471 Fed. App. at 648.  Noting that the plaintiffs alleged that their

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

1
2
3

claims were "typical" of the other putative class members, the Court also found it proper to multiply the plaintiffs' claimed damages by the number of putative class members in order to meet the amount in controversy requirement. *Id.* at 649.

4
5
6
7
8
9
10

27.     The Complaint defines the putative class as "all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiffs' complaint up until the time that notice of the class action is provided to the class (collectively referred to as 'Class Members')." Compl., ¶ 24. JetBlue limits its amount-in-controversy calculations to persons employed by JetBlue in non-exempt airport positions in California since June 18, 2021.

11
12
13
14
15
16
17
18
19
20
21

28.     While JetBlue denies Plaintiffs' factual allegations and denies that they or the putative class they purport to represent are entitled to any of the relief Plaintiff has requested in the Complaint, it is clear that, when the maximum potential value of the claims of Plaintiffs and the putative class members are aggregated, the allegations within Plaintiffs' Complaint put into controversy an amount in excess of $5,000,000.[2] *Rhoades v. Progressive Casualty Ins., Co.*, 410 F. App'x 10, 11 (9th Cir. 2010) ("'Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'") (quoting *Lewis v. Verizon Communications Inc.*, 2010 WL 4645465, 4 (9th Cir. 2010)).

22

23
24
25
26
27
28

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiffs' Complaint. JetBlue's references to specific damage amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. JetBlue maintains that each of Plaintiffs' claims is without merit and that JetBlue is not liable to Plaintiffs or any putative class member. In addition, JetBlue denies that liability or damages can be established on a class wide basis. JetBlue specifically denies that Plaintiffs or the putative class have suffered any damages as a result of any act or omission by JetBlue. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiffs will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

1
2

### a. **Plaintiffs' Minimum Wages Claim Places at Least $411,250 in Controversy.**

3   29.   In the Second Cause of Action, Plaintiffs allege that "Defendants

4   failed, at times, to accurately track and/or pay for all hours actually worked at their

5   regular rate of pay that is above the minimum wage to the detriment of Plaintiff and

6   Class Members." Compl., ¶ 44.  Plaintiffs seek unpaid minimum wages and

7   liquidated damages for JetBlue's alleged failure to pay minimum wage for all

8   worked.

9   30.   The class period is alleged to include the four years prior to the date of

10   the filing of the Complaint and continuing through a date set by the Court.  Thus,

11   because Plaintiffs filed their Complaint on January 21, 2025, the relevant time

12   period for Plaintiffs' minimum wage claim is January 21, 2021 through the present

13   and continuing.  For purposes of removal, though, JetBlue limits its calculations to

14   the time period of June 18, 2021 through the present.

15   31.   According to JetBlue's records, since June 18, 2021, JetBlue's non-

16   exempt airport employees in California have worked at least 235,000 shifts.  The

17   lowest minimum wage in California during this period was $14/hr.

18   32.   JetBlue reasonably estimates based on Plaintiffs' allegations that they

19   are seeking at least 15 minutes of uncompensated time for one out of every four

20   shifts putative class members worked.  The alleged uncompensated time for

21   putative class members since January 21, 2021 results in an alleged amount in

22   controversy of at least $205,625 [(235,000 shifts x .25 x 15 minutes) / 60 minutes x

23   $14 per hour].  Since Plaintiffs also seek liquidated damages, that results in an

24   amount of controversy of at least **$411,250** ($205,625 x 2).

### b. **Plaintiffs' Meal Break Claim Places at Least $1,417,500 in Controversy.**

25
26

27   33.   In the Third Cause of Action, Plaintiffs allege that "Plaintiffs and

28   Class Members were, at times, not provided complete, timely 30-minute, duty-free

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

1   uninterrupted meal periods every five hours of work without waiving the right to

2   take them, as permitted."  Compl., ¶ 51.  Plaintiffs also allege that "Defendants

3   failed to provide one (1) additional hour of pay at the Class Member's regular rate

4   of compensation on the occasions that Class Members were not provided compliant

5   meal periods."  *Id*.  Plaintiffs further allege that Plaintiffs and the putative class are

6   thus entitled to damages of premium wages for meal periods that were not

7   provided, interests and penalties thereon, attorneys' fees, and costs.  *Id*., ¶ 54.

8       34.    California Labor Code Section 226.7 provides that if an employer fails

9   to provide a meal period as required by law, the employer shall pay "one additional

10  hour of pay at the employee's regular rate of compensation for each work day that

11  the meal . . . period is not provided."  *See also Brinker v. Superior Court*, 53 Cal.

12  4th 1004, 1039 (2012).

13      35.    The class period is alleged to include the four years prior to the date of

14  the filing of the Complaint and continuing through a date set by the Court.  Thus,

15  because Plaintiffs filed their Complaint on January 21, 2025, the relevant time

16  period for Plaintiffs' meal break claim is January 21, 2021 through the present and

17  continuing.  For purposes of removal, though, JetBlue limits its calculations to the

18  time period of June 18, 2021 through the present.

19      36.    According to JetBlue's records, since June 18, 2021, JetBlue's non-

20  exempt airport employees in California have worked at least 210,000 shifts over 5

21  hours.  The average hourly rate of pay for these employees is at least $27 per hour.

22      37.    Based on Plaintiffs' allegations that they and other putative class

23  members were not provided lawful meal breaks, JetBlue reasonably assumes that

24  Plaintiffs have put into controversy at least one alleged meal period violation for

25  every four shifts over 5 hours (*i.e*., an assumed 25% violation rate).  As such, the

26  potential amount in controversy under Section 226.7 for failing to provide meal

27  breaks would be at least **$1,417,500** (210,000 x 0.25) shifts x 1 meal period

28  premium x $27 = $1,417,500).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

9

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

1
2

### c.     **Plaintiffs' Rest Break Claim Places at Least $1,586,250 in Controversy.**

3       38.    In the Fourth Cause of Action, Plaintiffs allege that "Plaintiffs and
4   Class Members were, at times, not authorized or permitted to take complete, timely
5   10-minute, duty-free uninterrupted rest periods every four (4) hours of work or
6   major fraction thereof." Compl., ¶ 59. Plaintiffs also allege that "Defendants failed
7   to provide one (1) additional hour of pay at the Class Member's regular rate of
8   compensation on the occasions that Class Members were not authorized or
9   permitted to take complaint rest periods." *Id*. Further, Plaintiffs allege that
10  "Plaintiff and Class Members are entitled to recover the full amount of their unpaid
11  additional pay for unprovided complaint rest periods . . . plus interest and penalties
12  thereon, attorneys' fees, and costs. . ." *Id*., ¶ 62.

13      39.    California Labor Code Section 226.7 provides that if an employer fails
14  to provide a rest period as required by law, the employer shall pay "one additional
15  hour of pay at the employee's regular rate of compensation for each work day that
16  the . . . rest period is not provided." *See also Brinker v. Superior Court,* 53 Cal. 4th
17  1004, 1039 (2012).

18      40.    The class period is alleged to include the four years prior to the date of
19  the filing of the Complaint and continuing through a date set by the Court. Thus,
20  because Plaintiffs filed their Complaint on January 21, 2025, the relevant time
21  period for Plaintiffs' meal break claim is January 21, 2021 through the present and
22  continuing. For purposes of removal, though, JetBlue limits its calculations to the
23  time period of June 18, 2021 through the present.

24      41.    According to JetBlue's records, since June 18, 2021, JetBlue's non-
25  exempt airport employees in California have worked at least 235,000 shifts that
26  lasted 3.5 hours or longer. The average hourly rate of pay for these employees is at
27  least $27 per hour.

28      42.    Based on Plaintiffs' allegations that they and other putative class

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

10

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

members were not provided lawful rest breaks, JetBlue makes the conservative assumption that Plaintiffs have put into controversy one alleged rest period violation for every four shifts of 3.5 hours or longer (*i.e.*, an assumed 25% violation rate). As such, the potential amount in controversy under Section 226.7 for failing to provide rest breaks would be at least **$1,586,250** (235,000 x 0.25) shifts x 1 rest period premium x $27 = $1,586,250).

             **d.**   **Plaintiffs' Wage Statement Claim Places at Least $1,489,000 in Controversy.**

43.     In the Sixth Cause of Action, Plaintiffs allege that "Defendants failed to comply with Labor Code section 226(a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiffs and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; among other things." Compl., ¶ 74. Plaintiffs allege that "Defendants' failure to, at times, provide Plaintiffs and Class Members with accurate wage statements was knowing, intentional, and willful." *Id*. ¶ 75. Based on these alleged violations, Plaintiffs and the Wage Statement Class Members seek damages pursuant to Labor Code § 226. *Id*., ¶¶ 77-78.

44.     Labor Code section 226(e) provides that an employee is entitled to recover the greater of all actual damages or $50 for the initial alleged violation and $100 for each alleged subsequent violation, up to a maximum of $4,000, plus costs and reasonable attorneys' fees, if an employer knowingly and intentionally fails to provide an accurate, itemized wage statement. Cal. Lab. Code § 226(e). *See also*, Compl., ¶ 104.

45.     There is a one-year statute of limitations on Plaintiff's wage statement claim. *See* Cal. Code Civ. Proc. §340(a); *Martinez v. Morgan Stanley & Co. Inc*., 2010 WL 3123175, at *6 (S.D. Cal. August 9, 2010). Thus, because Plaintiffs filed their Complaint on January 21, 2025, the relevant time period for Plaintiffs' wage

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

11

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

1   statement claim is January 21, 2024 through the present.

2   46.    According to its records, JetBlue employed at least 477 putative class

3   members who performed some work and were paid during at least one pay period

4   since January 21, 2024.  During the relevant time period, JetBlue paid its hourly,

5   non-exempt employees in California on a weekly basis.  Of these 477 employees,

6   approximately 279 employees worked at least 41 pay periods since January 21,

7   2024.  Thus, the maximum penalty that could be awarded to each of these

8   individuals under Labor Code section 226(e) is $4,000.  The other approximately

9   198 employees worked at least 3,829 pay periods during this same time period.

10   47.    As such, Plaintiffs' wage statement claim places at least **$1,489,000** in

11   controversy [(279 employees x $4,000) + ($50 for initial violation x 198 pay

12   periods) + ($100 for subsequent violation x 3,631 pay periods)].

13
14                          **e.    Plaintiffs' Failure to Timely Pay Wages Claim Places
                                    at Least $1,621,700 in Controversy.**

15   48.    Plaintiffs seek statutory penalties under Labor Code Section 210 for

16   JetBlue's alleged failure to pay wages timely.  Compl., Prayer for Relief, ¶ H.

17   49.    Labor Code Section 210 provides "every person who fails to pay the

18   wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2,

19   204.11, 205, 205.5, and 1197.5, shall be subject to a penalty as follows: for any

20   initial violation, one hundred dollars ($100) for each failure to pay each employee

21   and for each subsequent violation, or any willful or intentional violation, two

22   hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the

23   amount unlawfully withheld."  Cal. Lab. Code § 210.

24   50.    There is a one-year statute of limitations on this claim.  *See* Cal. Code

25   Civ. Proc. §340(a).  Thus, because Plaintiffs filed their Complaint on January 21,

26   2024, the relevant time period for Plaintiffs' failure to pay wages timely claim is

27   January 21, 2024 through the present.

28   51.    According to JetBlue's records, non-exempt airport employees in

     California have worked approximately 16,217 pay periods since January 21, 2024.

Thus, Plaintiff's failure to pay wages timely claim has placed at least **$1,621,700** in controversy [16,217 x $100].

### f. <u>Plaintiffs' Waiting Time Penalties Claim Places Approximately $1,571,868 in Controversy.</u>

52.     In the Fifth Cause of Action, Plaintiffs allege that "at times" Defendant "failed to pay Plaintiffs and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202." Compl., ¶ 66. Plaintiffs also allege that "Plaintiffs and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or resignation, until paid, up to a maximum of thirty (30) days." *Id*., ¶ 68. Further, Plaintiffs allege that "Plaintiffs and Class Members are entitled to recover waiting time penalties, interest, attorneys' fees, and their costs of suit." *Id*., ¶ 70.

53.     The statute of limitations for "waiting time" penalties under Labor Code Section 203 is three years. *See* Labor Code § 203; Cal. Code of Civ. Pro. § 338. Thus, because Plaintiffs filed their Complaint on January 21, 2025, the relevant time period for Plaintiff's claim for waiting time penalties is January 21, 2022 through the present.

54.     According to JetBlue's records, at least 295 hourly, non-exempt airport employees in California have separated from their employment with the Company since January 21, 2022. Of these 295 separated employees, 201 employees were full-time employees at the time of their separation. JetBlue reasonably assumes for these full-time employees eight hours of work per day. These employees' average hourly rate of pay upon termination was $25.85/hr. The waiting time penalties for these 201 separated employees is $1,247,004 (201 x $25.85/hr x 8 hours per day x 30 days).

55.     Of these 295 separated employees, 94 employees were part-time employees at the time of their separation. JetBlue reasonably assumes for these part-time employees five hours of work per day. These employees' average hourly rate of pay upon termination was $23.04/hr. The waiting time penalties for these

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

13

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

1  94 separated employees is $324,864 (94 x $23.04/hr x 5 hours per day x 30 days).

2      56.    As such, the amount of waiting time penalties at issue, based on

3  Plaintiffs' allegations, is at least **$1,571,868** ($1,247,004 + $324,864).

4          **g.    The Amount in Controversy for Plaintiffs' Claims
5               Exceeds $5,000,000.**

6      57.    As demonstrated above, the alleged damages total at least **$8,097,568**.

7  In addition, Plaintiffs also seek recovery for themselves and all putative members

8  for attorneys' fees[3] and further causes of action, including unpaid overtime pay, and

9  restitution damages due to alleged unfair business practices.  Each of these claims,

10  if added to the aggregate potential damages, further increases the amount in

11  controversy.

12      58.    Based on the calculations outlined above, the potential total amount in

13  controversy exceeds $5,000,000.00 as follows:

| A. | Unpaid Wages: | $411,250 |
|---|---|---|
| B. | Meal period premiums: | $1,417,500 |
| C. | Rest break premiums: | $1,586,250 |
| D. | Wage statement penalties: | $1,489,000 |
| E. | Untimely payment of wages: | $1,621,700 |
| F. | Waiting time penalties: | $1,571,868 |
| G. | Attorneys' Fees: | $2,024,392 |

**TOTAL AMOUNT IN CONTROVERSY:       $10,121,960**

_____

[3] Attorneys' fees are properly included in determining the amount in controversy if the law under which the plaintiff has brought suit allows for their recovery.  *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy.").  For purposes of class actions, attorneys' fees may be calculated by assuming 25 percent of the potential damages on claims for which attorneys' fees are available.  *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund).  Here, attorneys' fees are arguably available on all of Plaintiff's claims.  The amount in controversy for these claims is estimated to be $8,097,568.00.  Therefore, the amount in controversy for attorneys' fees is at least $2,024,392. ($8,097,568 x 0.25).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

14                    JETBLUE'S NOTICE OF REMOVAL
                      CASE NO. _____

59.    As certain putative class members are also current employees and Plaintiff claims that JetBlue's unlawful policies are still in place, this amount for the putative class will continue to grow.  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("We conclude that the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal).  Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious.").

60.    Thus, although JetBlue denies Plaintiffs' allegations and theories of maximum recovery, denies that they or the putative class they purport to represent are entitled to any of the relief for which they have prayed, and expressly reserves all its defenses, based on Plaintiffs' allegations, the potential amount in controversy exceeds the $5,000,000 threshold set forth under 28 U.SC. §1332(d)(2).

61.    Therefore, Plaintiffs' Complaint satisfies the amount in controversy requirement under CAFA.

IV.    **THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

62.    As set forth above, this Notice of Removal is filed timely and all process, pleadings, and orders that have been served on JetBlue in this action are attached in Exhibits 1 through 4.

63.    Because this action was originally brought in the Superior Court of the State of California, County of San Francisco, and the Northern District of California encompasses San Francisco County, this Court is the proper federal district court to which to remove this action under 28 U.S.C. § 1441(a).

64.    As required by 28 U.S.C. § 1446(d), JetBlue will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the Superior Court of the State of California, County of San

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

15                    JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____

1  Francisco.

2      65.    JetBlue is informed and believes and on that basis alleges that none of

3  the fictitiously-named defendants have been identified by Plaintiffs or served with

4  the Summons and Complaint.

5      66.    JetBlue has sought no similar relief.

6      67.    The prerequisites for removal under 28 U.S.C. §§ 1332(a), (d), 1441

7  and 1446 have been met.

8      68.    If any question arises as to the propriety of the removal of this action,

9  JetBlue requests the opportunity to present a brief and oral argument in support of

10  its position that this case is removable.

11      69.    By this Notice of Removal and the exhibits attached hereto and the

12  documents filed concurrently herewith, JetBlue does not intend to make any

13  admissions of fact, law or liability relating to the claims in the Complaint, and it

14  expressly reserves the right to make any and all defenses and motions necessary in

15  its defense against Plaintiff's allegations.

16  **V.    CONCLUSION**

17      70.    Pursuant to these statutes and in accordance with the procedures set

18  forth in 28 U.S.C. § 1446, JetBlue prays that the above-captioned action pending in

19  the Superior Court of the State of California, County of San Francisco, be removed

20  therefrom to the United States District Court for the Northern District of California.

21

22     Dated:  February 21, 2025            MORGAN, LEWIS & BOCKIUS LLP

23

24                                By _____ */s/ Andrew P. Frederick*_____

25                                       Andrew P. Frederick
                                        Nicole L. Antonopoulos

26                                      Attorneys for Defendant
                                       JETBLUE AIRWAYS

27                                      CORPORATION

28

JETBLUE'S NOTICE OF REMOVAL
CASE NO. _____